459 CENTRAL AVENUE CORP., A NEW JERSEY CORPORA-
TION, PLAINTIFF-RESPONDENT, v. ZONING BOARD OF
ADJUSTMENT OF THE CITY OF EAST ORANGE AND
THE CITY OF EAST ORANGE, A MUNICIPAL CORPORA-
TION OF THE STATE OF NEW JERSEY, DEFENDANTS-
APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued January 24, 1966—Decided February 25, 1966.

Before Judges Sullivan, Lewis and Kolovsky.

*Mr. Norman E. Scull* argued the cause for appellants (*Mr. William L. Brach,* attorney).

*Mr. Andrew Mainardi, Jr.* argued the cause for respondent (*Messrs. Mainardi & Mainardi,* attorneys).

Per Curiam. In this zoning litigation the East Orange Board of Adjustment, on August 27, 1964, declined to favorably recommend that the governing body of the City of East Orange authorize a special exception to the local zoning ordinance and to issue a permit to plaintiff for a gasoline filling station and open-air parking area in connection therewith. In a subsequent *in lieu* proceeding to review that action, the Superior Court, Law Division, granted plaintiff's motion for summary judgment, holding that the board's action was arbitrary and unreasonable and ordered that

"* * * plaintiff's application for a special exception for said gasoline filling station be submitted to the Mayor and City Council for their action thereon in the same manner as if a favorable recommendation had been made by the East Orange Zoning Board of Adjustment, without costs."

When the municipal governing body considered the matter it adopted a resolution reciting that it examined the transcript of the proceedings before the board of adjustment and found insufficient evidence to determine specified basic issues

material to the application. Consequently, it remanded the matter to the board of adjustment for the further taking of testimony and evidence as the board may deem appropriate as to those specific fact issues, "including without being limited to special reference to the location of a gasoline filling station at this particular situs with its pedestrian and vehicular traffic conditions and the zoning effect of the proposed use on the immediate area."

Plaintiff thereupon moved for supplemental relief and, on June 17, 1965, obtained an order from the Superior Court, Law Division, declaring the aforesaid municipal resolution null and void and directing the governing body to hear plaintiff's application on its merits and on the record made upon plaintiff's application before the board of adjustment on August 27, 1964. It is from that order that the board and city appeal to this court.

To the extent that the governing body required additional proofs requisite to an intelligent determination of the issues presented, its remand to the board for clarification of proofs was proper. *Cf. Reinauer Realty Corp. v. Borough of Paramus,* 34 *N. J.* 406, 416 (1961); *Betts v. Board of Adjustment of City of Linden,* 72 *N. J. Super.* 213, 219 (*App. Div.* 1962). The rehearing before the board, however, should not be a hearing *de novo* but should be limited to a clarification of the proofs as to the statutory negative criteria concerning which the governing body deemed the record to be inadequate for its determination.

The order under review in the circumstances was inappropriate and, accordingly, is set aside.

So ordered.